SAFETURN SIGNAL CO., INC., and
KUHNE-LIBBY CO., INC.
vs.
UNITED TOOL CO.

| Superior Court | Hartford County | File #47462 |
| | | #47463 |

Present: Hon. CARL FOSTER, Judge.

W. T. Curtin;
R. L. Halloran;                     Attorneys for the Plaintiff.

J. E. Ravich,                       Attorney for the Defendant.

### MEMORANDUM FILED AUGUST 21, 1935.

FOSTER, J. During and prior to 1933 the plaintiffs had imported from Germany for the purpose of sale a certain type of signaling device to be used on motor trucks and motor busses when about to stop or turn. The law of Connecticut as to such signaling devices is as follows:

"Any person who shall operate on any highway any motor vehicle so constructed or so loaded that he is unable to clearly indicate by hand signals to both approaching and following traffic his intention of stopping

or turning, unless such motor vehicle shall be equipped with a mechanical signaling device approved by the Commissioner of Motor Vehicles, or shall fail to cause such device to be maintained, at all times, in good and sufficient working order, or shall fail to use the same when making any stop or turn, shall be fined not more than $25.00." **Public Acts of 1933, Section 436-B, Page 186.**

The specifications adopted by the Motor Vehicle Commissioner as to such devices is in part as follows:

"Signal systems so design, or designed to be so installed that the operator of the vehicle is unable to determine whether or not any or all of the signaling units are operating and lighted shall have incorporated some visible means of giving a clear and unmistakable indication to the operator as to whether or not these units are operating and lighted. The pilot shall be mounted in a place visible to the operator when in his normal driving position."

One of these devices known and generally described as a Semaphore was submitted by the plaintiffs to the Motor Vehicle Commissioner of Connecticut for approval. It then did not have attached to it any tell-tale or pilot light. Thereafter one Hornstein called upon the plaintiffs and told them that he was associated with the Rhodes Switch Co. of Hartford, and that such company could manufacture an electric switch that would be suitable for plaintiffs' Semaphore signal and would comply with the law of Connecticut and the specifications of the Motor Vehicle Department. The price of the switch was discussed by Hornstein and the plaintiffs, and later Hornstein notified the plaintiffs that the Rhodes Switch Co. could not manufacture the switches at a satisfactory price but that the defendant would do so. Later the Semaphore signaling device of the plaintiffs, together with the type of electric switch and light here in controversy, was approved by the Motor Vehicle Department of Connecticut.

The plaintiffs and the defendant entered into written contracts for the manufacture of the electric switches by the defendant for the plaintiffs. The two contracts were similar, and consisted of similar letters written by the defendant to each of the plaintiffs, and by similar letters written by each

of the plaintiffs to the defendant. The letter written by the defendant to each of the plaintiffs was as follows:

"Hartford, Conn., July 6, 1933. The Safeturn Signal Corp., 60 Wall St., New York, N. Y. Att: Mr. O. Muller. Gentlemen: Confirming our conversation of to-day. We agree to supply you our signal switch complete except light bulb at the following prices:

5,000 SWITCHES ........................... @ .84c PER SWITCH.

Additional order of 2,500 Switches on or before August 1st, 1933 @ .66c per switch.

7,500 SWITCHES ORDERED AT ONCE, @ .75c PER SWITCH.

Any or all of the above mentioned orders must be taken not later than September 1st, 1933. Switches are to be delivered as required starting August 7th or sooner. Switches will be sent C.O.D., F.O.B. Hartford, Connecticut.

We understand that the above mentioned orders will be made up both Kuhne Libby Co., and Safeturn Signal Corp. together and will be accompanied by a check for $750.00 as a deposit to be deducted from the last shipment of your first order.

Trusting that this will meet with your approval, we remain,

Yours very truly,
UNITED TOOL& DIE CO., INC."

"New York, July 11th, 1933.
United Tool and Die Co., Inc.
324 Ann Street,
Hartford, Conn.

Gentlemen:

Kindly enter our order for 2500 Switches to be used on Semaphore Signals containing relay and pilot under housing, sample submitted by Mr. Hornstein, and to comply with the Connecticut State Specifications governing approved direction signals.

All defective switches to be replaced free of cost to us.

Delivery—1000 switches August 3rd, 1933
1500 switches August 10th, 1933

Price 84 cents per switch F.O.B. Hartford.

Price adjustment to 78 cents per switch will be made by you if an additional order for 2500 switches by either ourselves or Kuhne Libby & Co. is placed with you on or before August 1st, 1933.

Our cheque for $375.00 as a deposit has been handed to Mr. Hornstein, who will deliver same to you.

This amount will be deducted from your last invoice on August 10th, 1933.

Very truly yours,

SAFETURN SIGNAL CORPORATION."

Each of the plaintiffs paid the defendant $375.00 in advance of delivery of the switches. Upon the date of the agreement which was incorporated in the letters of the defendant to the plaintiffs a hand-made switch was submitted to the defendant as a sample. The defendant manufactured and delivered switches to the plaintiffs in accordance with the contracts. From time to time the plaintiffs complained of defects in the switches, but the defendant was at all times ready and willing to remedy such defects, if any, and to furnish good switches. The switches manufactured by the defendant for the plaintiffs were of good materials and workmanship, and were reasonably fit for the purpose for which they were intended. On August 30, 1933, the plaintiff Kuhne-Libby Co. sent to the defendant a letter wherein it stated that "several hundred switches containing the new spring" were satisfactory. The plaintiffs claim that many of the switches which they received from the defendant and resold were defective, and that for that reason they failed to order further switches from the defendant in accordance with their contracts. The plaintiffs have failed to prove by a fair preponderance of the evidence that any Semaphore signals with these switches attached were returned to them by their customers by reason of defects in the switches.They may have been returned for other reasons.

The defendant shipped to Kuhne-Libby Co. 2,330 switches, of which 800 were returned. Payment was received by the

defendant for 1,530 switches.

The defendant shipped to Safeturn Signal Co. 2,191 switches, of which 291 were returned, and payment was received by the defendant for 1,900 switches.

Assuming that the switches returned were defective, which I do not find as a fact, it still appears that the switches as a whole were reasonably fit for their intended use; and we have the further fact that the defendant was at all times ready and willing to remedy defects in the switches if such existed.

Each plaintiff ordered 2,500 switches at 84c each. The switches not shipped by the defendant it has on hand, and there is no market for this particular kind of specially ordered and specially manufactured switch. Each of the plaintiffs paid the defendant $375.00 to be applied on the last invoice.

I find that each of the plaintiffs broke its contract with the defendant, and that the defendant fulfilled its contract with each of the plaintiffs.

The plaintiff Kuhne-Libby Co. is indebted to the defendant for 970 switches at 84c each, less $375.00 paid, together with interest on the amount due at six percent per annum from August 30, 1933, to date of judgment.

The plaintiff Safeturn Signal Co. is indebted to the defendant for 600 switches at 84c each, less $375.00 paid, together with interest on the amount due at six percent per annum from August 30, 1933, to date of judgment.

The issues are found in favor of the defendant against the plaintiff in each case both upon the complaint and the counter-claim.

In the case of **Kuhne-Libby Co., Inc. vs. United Tool & Die Co., Inc.,** #47463, judgment is rendered that the defendant recover of the plaintiff upon its counter-claim damages of $491.99.

In the case of **Safeturn Signal Co., Inc. vs. United Tool & Die Co., Inc.,** #47462, judgment is rendered that the defendant recover of the plaintiff upon its counter-claim damages of $144.31.